**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDSINSYNC, INC., | ) |
|  Plaintiff, | ) ) ) |
| v. | ) **JURY TRIAL DEMANDED** |
| GENEVA HOME FASHION, LLC, | ) Civil Action No.: |
|  Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MindsInSync, Inc. ("MindsInSync"), by and through their attorneys, hereby file this Complaint against Defendant Geneva Home Fashion, LLC ("Geneva") and allege as follows:

**NATURE OF THE ACTION**

1. MindsInSync is a company on a mission to bring innovation to the marketplace. For example, MindsInSync is the original creator of the memory foam bath mat. MindsInSync supplied tens upon tens of millions of memory foam bath mats to consumers over the years. In recent years, MindsInSync created and patented new and improved bath mats. Those new mats from MindsInSync enjoy utility and design patent protection issued by the United States Patent and Trademark Office and often employ copyright and trademark protection as well.

2. MindsInSync put Geneva on notice of Geneva's patent infringement in at least March of this year.

3. MindsInSync repeatedly tried to resolve this situation, but Geneva continues to sell infringing products, in spite of knowing of the intellectual property of MindsInSync.

4. This lawsuit is therefore necessary because Geneva is a willful infringer of MindsInSync's intellectual property. Therefore, this is a patent infringement action to end Geneva's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products and designs incorporating MindsInSync's intellectual property.

**PARTIES**

5. Plaintiff MindsInSync, Inc. is a Delaware corporation with a principal place of business at 261 Fifth Avenue, Suite 1414, New York, New York 10001.

6. On information and belief, Defendant Geneva is a New York limited liability company with its principal place of business at 230 Fifth Avenue, Suite 612, New York, New York 10001.

7. On information and belief, Geneva is registered with the New York Department of State (DOS ID# 4572631) and has a regular and established place of business at 230 Fifth Avenue, Suite 612, New York, New York 10001.

**JURISDICTION AND VENUE**

8. This action arises under the Patent Act, Title 35 of the United States Code.

9. This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over Geneva because it is, at least, registered with the New York Department of State (DOS ID# 4572631) and has a regular and established place of business at 230 Fifth Avenue, Suite 612, New York, New York 10001.

11. This Court has personal jurisdiction over Geneva because, directly or through an intermediary or agent, Geneva has committed acts within New York giving rise to this action and has established minimum contacts with New York such that the exercise of jurisdiction would

not offend traditional notions of fair play and substantial justice. Furthermore, Geneva knowingly introduces into the stream of commerce products and/or components of products that infringe the patents at issue in this suit, and Geneva knew and intended that such products would be used in this District.

12.     For example and on information and belief, Geneva has a New York showroom to promote the sales of their infringing products and components, located at 230 Fifth Avenue, Suite 612, New York, New York 10001, and an online showroom including, but not limited to, a website, "Geneva Home Fashion," available at http://genevahome.com/online_showroom.php.

13.     On information and belief, Geneva has also knowingly induced infringement by others within the United States and this District by advertising, marketing, offering for sale, and selling devices containing infringing functionality to consumers, customers, distributors, resellers, partners, and end users in the United States, and by providing instructions, user manuals, advertising, and marketing materials, which facilitate, direct, or encourage the use of infringing functionality with knowledge thereof.

14.     Venue is proper for Geneva under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) because Geneva knowingly introduced into the stream of commerce infringing products to serve not only the US market generally, but also the market in this District specifically.

15.     Venue is also proper for Geneva under 28 U.S.C. § 1400(b) because it has a regular and established place of business at 230 Fifth Avenue, Suite 612, New York, New York 10001.

**THE ASSERTED PATENTS**

16.     This lawsuit asserts causes of action for infringement of United States Patent Nos. 9,873,963 (" '963 patent") and D797,472 (" '472 patent") (collectively, "the Asserted Patents").

17. MindsInSync is the owner of all rights, title, and interest in and to the Asserted Patents.

18. The '963 patent, entitled "Spacer Mesh Mat Base," was duly and lawfully issued by the U.S. Patent and Trademark Office (USPTO) on January 23, 2018.

19. A true and correct copy of the '963 patent is attached hereto as <u>Exhibit A</u>.

20. The '472 patent, entitled "Mat Base," was duly and lawfully issued by the USPTO on September 19, 2017.

21. A true and correct copy of the '472 patent is attached hereto as <u>Exhibit B</u>.

## THE ACCUSED PRODUCT

22. On information and belief, Geneva owns and operates a website at genevahome.com.

23. On information and belief, Jack Setton is the president and owner of Geneva.

24. On information and belief, Defendant Geneva sells bath mats within the United States and in this District.

25. On information and belief, Geneva sells products with the brand RBX.

26. On information and belief, Geneva sells products in the United States using the trademark RBX.

27. On information and belief, Geneva sells bath mats with the trademark RBX in the United States.

28. On information and belief, Geneva sells bath mats with the trademark RBX to Ross Stores, Inc. ("Ross").

29. Ross sells bath mats, which have the trademark RBX in the United States.

30. The picture below is a photo of a bath mat sold by Ross ("RBX Mat"):



31. The picture below is an enlargement of the price tag on the RBX Mat:

.

32. On information and belief, Geneva made RBX Mats or had them made.

33. On information and belief, Geneva sold RBX Mats to Ross.

34. On information and belief, Geneva imported RBX Mats into the United States.

35. The RBX Mat includes each and every element of at least claim 1 of the '963 patent.

36. Claim 1 of the '963 patent is reproduced below:

1. A mat comprising:

a base layer including a top surface and a bottom surface, the top and bottom surfaces being separated by a spacer mesh core and wherein the bottom surface and core each include a plurality of corresponding and coextensive channels, each channel extending from a first edge of the base layer to a second edge of the base layer;

a fabric cover layer, secure to the base; and

a slip-resistant coating on the bottom surface,

wherein the spacer mesh core comprises a polyester monofilament knit to the top surface and the bottom surface and wherein the top surface and the bottom surface comprise knit fabrics and the channels are formed by the process of knitting the polyester monofilament to the bottom surface, wherein the bottom surface comprises a plurality of ground-engaging surfaces extending from the first edge of the base layer to the second edge of the base layer and separated from each other by the channels, and a plurality of filaments of the polyester monofilament are knit together to each of the ground-engaging surfaces.

37. The RBX Mat is a mat with top and bottom surfaces separated by a spacer mesh

core wherein the bottom surface and core include a plurality of corresponding and coextensive channels, each channel extending from a first edge of the base layer to a second edge of the base layer.

38. The RBX Mat includes a fabric cover layer secured to the base and a slip-resistant coating on the bottom surface. The spacer mesh core in the RBX Mat comprises a polyester microfilament knit to the top surface and the bottom surface while the bottom surface comprises a plurality of ground engaging surfaces.

39. The RBX Mat infringes the '472 design patent as well. An ordinary observer would believe the design of the Accused Product to be the same as the design covered by the '472 patent.

40. A portion of the RBX Mat is fairly and accurately shown below:



41. The bottom of the RBX Mat is fairly and accurately shown below:



42. The RBX Mat includes the rounded edge as shown in the picture below:



43. On information and belief, Geneva sells bath mats, in addition to the RBX Mat, which also infringe the '963 and '472 patents (collectively with the RBX Mat, the "Accused Products").

44. MindsInSync notified Geneva of the infringement allegations in at least March of 2018.

45. On information and belief, Geneva sold RBX Mats to Ross after March of 2018.

46. On information and belief, Geneva sold Accused Products to Ross after March of 2018.

47. Ross sold RBX Mats after March of 2018.

48. Counsel for MindsInSync notified Geneva of these infringement allegations in a letter dated May 4, 2018.

49. On information and belief, Geneva sold RBX Mats to Ross after March of 2018.

50. On information and belief, Geneva continues to make, use, sell, offer to sell, and import Accused Products into the United States.

**COUNT I – INFRINGEMENT OF US PATENT NO. 9,873,963**

51. MindsInSync incorporates each of the preceding paragraphs as if fully set forth herein.

52. Without license or authority and in violation of 35 U.S.C. § 271(a), Defendant makes, uses, offers to sell, and/or sells within the United States and/or imports into the United States the Accused Products, which includes each and every element, either literally or under the Doctrine of Equivalents, of at least claim 1 of the '963 patent.

53. Without license or authority and in violation of 35 U.S.C. § 271(b), Defendant actively induces the using, offering to sell, and/or selling within the United States and/or importing into the United States of the Accused Products, which include each and every element, either literally or under the Doctrine of Equivalents, of at least claim 1 of the '963 patent.

54. Geneva's infringement of the '963 patent has caused and will continue to cause

MindsInSync irreparable injury and harm for which there is no adequate remedy at law unless and until Geneva is permanently enjoined by this Court from infringing the '963 patent.

55. MindsInSync is entitled to recover from Defendant the damages it has sustained as a result of Defendant's infringing activities in an amount subject to proof at trial, including but not limited to lost profits and not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56. Geneva's infringement of the '963 patent has been willful.

57. This is an exceptional case under 35 U.S.C. § 285, and MindsInSync is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

## COUNT II – INFRINGEMENT OF US PATENT NO. D797,472

58. MindsInSync incorporates each of the preceding paragraphs as if fully set forth herein.

59. Without license or authority and in violation of 35 U.S.C. § 271(a), Defendant makes, uses, offers to sell, and/or sells within the United States and/or imports into the United States the Accused Products, which includes a design protected by the '472 patent.

60. Without license or authority and in violation of 35 U.S.C. § 271(b), Defendant actively induces the making, using, offering to sell, and/or selling within the United States and/or importing into the United States of the Accused Products, which includes a design protected by the '472 patent.

61. Geneva's infringement of the '472 patent has caused and will continue to cause MindsInSync irreparable injury and harm for which there is no adequate remedy at law unless and until Geneva is permanently enjoined by this Court from infringing the '472 patent.

62. MindsInSync is entitled to recover from Defendant the damages it has sustained

as a result of Defendant's infringing activities in an amount subject to proof at trial together with interest as costs as fixed by this Court under 35 U.S.C. § 284.

63. Geneva's infringement of the '472 patent has been willful.

64. This is an exceptional case under 35 U.S.C. § 285, and MindsInSync is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

## DEMAND FOR JUDGMENT

WHEREFORE, MindsInSync requests the following relief:

1. A judgment that Geneva's making, using, offering to sell, selling within, and/or importing to the Southern District of New York and elsewhere in the United States, the Accused Products infringes one or more claims of the Asserted Patents, in violation of 35 U.S.C. § 271(a);

2. A judgment that Geneva's inducement of others to make, use, offer to sell, sell, and/or import into the Southern District of New York and elsewhere in the United States, the Accused Products infringes one or more claims of the Asserted Patents, in violation of 35 U.S.C. § 271(b);

3. A judgment that Geneva has willfully infringed the Asserted Patents;

4. An award of damages adequate to compensate for Geneva's infringement of the claims of the Asserted Patents under 35 U.S.C. § 284, together with interest and costs as fixed by the Court;

5. An award of enhanced damages against Geneva for the willful infringement of the Asserted Patents;

6. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of MindsInSync's reasonable attorneys' fees;

7. An injunction, pursuant to 35 U.S.C. § 283, permanently prohibiting Geneva from

infringing any claims of the Asserted Patents prior to the latest expiration date of the patents, including any extensions;

8. Such other costs and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MindsInSync requests a trial by jury on all triable issues.

Dated: June 22, 2018

                                              PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ Anne Lefever
        Anne Lefever
        1540 Broadway
        New York, NY 10036-4039
        Tel No. (212) 858-1558
        Fax No. (212) 858-1500
        Email: anne.lefever@pillsburylaw.com

        William P. Atkins (*Pro Hac Vice Application Forthcoming*)
        1650 Tysons Boulevard
        McLean, VA 22102-4859
        Tel No. (703) 770-7777
        Fax No. (703) 770-7901
        Email: william.atkins@pillsburylaw.com

*Attorneys for Plaintiff*
*MindsInSync, Inc.*